IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| MONTANA CAREGIVERS ASSOCIATION, LLC, et al., | ) ) ) | CV 11-74-M-DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| UNITED STATES OF AMERICA, et al. | ) ) | |
| Defendants. | ) ) | |

The defendants move to dismiss the plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6) and, alternatively, 12(b)(5). The complaint is dismissed under Rule 12(b)(6), so it is unnecessary to consider Rule 12(b)(5).

## BACKGROUND

The plaintiffs describe themselves as "caregivers: growers and distributors of medical marijuana to qualified patients within the State of Montana." Compl. ¶ 1. They filed their complaint after federal authorities raided their facilities in

1

March 2011 and seized live marijuana plants, dried marijuana, and related equipment.

The plaintiffs claim the raids were unlawful because (1) Montana law allowed them to grow and produce marijuana for medical consumption and (2) the United States Department of Justice represented that they would not actively prosecute medical marijuana caregivers. As a result, the plaintiffs argue, the raids violated their constitutional rights under the Tenth, Ninth, Fifth, and Fourth Amendments.

The plaintiffs' claims fail on all counts. Even if the plaintiffs' alleged conduct was legal under Montana law, it was still illegal under the federal Controlled Substances Act, Pub. L. No. 91-513, 84 Stat. 1242 (1970). So the plaintiffs were still subject to prosecution under the United States Constitution's Supremacy Clause. U.S. Const. art. VI, cl. 2; Gonzales v. Raich, 545 U.S. 1, 28 (2005) ("The Supremacy Clause unambiguously provides that if there is any conflict between federal and state law, federal law shall prevail.").

Moreover, the federal government has never given a free pass to produce and consume marijuana, even for medical purposes. In the so-called "Ogden Memo," the Department of Justice communicated to its attorneys that certain marijuana users and providers would be a lower priority for prosecution than

others. See David W. Ogden, Dep. Atty. Gen., U.S. Dept. of Just., Investigations and Prosecutions in States Authorizing the Medical Use of Marijuana ("Ogden Memo") (October 19, 2009) (available at www.justice.gov/opa/documents/medical-marijuana.pdf) (accessed on Jan. 13, 2012). For example, "[I]ndividuals with cancer or other serious illnesses who use marijuana as part of a recommended treatment regimen consistent with applicable state law, or those caregivers in clear and unambiguous compliance with existing state law who provide such individuals with marijuana," would be a lower priority than "large-scale criminal enterprises, gangs, and cartels." Id. at 1–2. But the Department also made clear that it did not intend to "legalize" marijuana (nor could it). The Ogden Memo states, for instance:

> The Department of Justice is committed to the enforcement of the Controlled Substances Act in all states.
>
> . . .
>
> This guidance regarding resource allocation does not "legalize" marijuana or provide a legal defense to a violation of federal law, nor is it intended to create any privileges, benefits, or rights, substantive or procedural, enforceable by any individual, party or witness in any administrative, civil, or criminal matter. Nor does clear and unambiguous compliance with state law . . . create a legal defense to a violation of the Controlled Substances Act.

Id. A reasonable person, having read the entirety of the Ogden Memo, could not

conclude that the federal government was somehow authorizing the production and consumption of marijuana for medical purposes.[1] Any suggestion to the contrary defies the plain language of the Memo.

Against this backdrop, it is necessary to consider the allegations in the plaintiff's complaint.

### 12(b)(6) STANDARD

A district court's review of a motion to dismiss under Rule 12(b)(6) is "generally limited to the face of the Complaint, materials incorporated into the complaint by reference, and matters of judicial notice." N.M. St. Inv. Council v. Ernst & Young, 641 F.3d 1089, 1094 (9th Cir. 2011) (citations omitted). The Court will "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs." Id. (citations omitted). But a court should not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). Therefore, "Conclusory

---

[1] Indeed, the Department of Justice later wrote in the so-called "Cole Memo" that the guidance provided in the Ogden Memo "was never intended to shield such activities from federal enforcement action and prosecution, even where those activities purport to comply with state law." James M. Cole, Dep. Atty. Gen., U.S. Dept. of Just., Guidance Regarding the Ogden Memo in Jurisdictions Seeking to Authorize Marijuana for Medical Use (June 29, 2011).

4

allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citations and internal quotation marks omitted). The complaint must contain more than "labels or conclusions" and "a formulaic recitation of the elements of a cause of action." Bell A. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A court should grant a motion to dismiss if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell A. Corp., 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell A. Corp., 550 U.S. at 556).

## DISCUSSION

The plaintiffs advance constitutional claims under the Tenth, Ninth, Fourth, and Fifth Amendments. Each of these claims fail and, as a result, their Bivens claim and the requests for declaratory and injunctive relief also fail.

### I. Tenth Amendment claim

The plaintiffs claim the federal government's enforcement of the Controlled Substances Act against the Montana medical caregivers violates the Tenth

5

Amendment to the United States Constitution because it exceeds the government's constitutional authority under the Commerce Clause. Not so.

The Tenth Amendment provides that: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." If Congress acts under one of its enumerated powers—e.g., the Commerce Clause—"'there can be no violation of the Tenth Amendment.'" Raich v .Gonzales, 500 F.3d 850, 867 (9th Cir. 2007) (quoting United States v. Jones, 231 F.3d 508, 515 (9th Cir. 2000)).

Both the United States Supreme Court and the Ninth Circuit have held that the Controlled Substances Act is a valid exercise of federal power under the Commerce Clause. Raich, 545 U.S. 1; Raich v. Gonzales, 500 F.3d 850 (9th Cir. 2007). In particular, it is valid even if it prohibits the possession or use of marijuana "produced and consumed locally" for medical purposes under the aegis of state law. Raich, 545 U.S. at 9. Given the Supreme Court's ruling in Raich, the Ninth Circuit, on remand, concluded that the Controlled Substances Act does not violate the Tenth Amendment by prohibiting production and consumption of marijuana for medical purposes that is otherwise legal under state law.[2] Raich, 500

---

[2] The Ninth Circuit also concluded that the Act does not implicate the "commandeering" line of cases that "involve attempts by Congress to direct states to perform certain functions, command state officers to administer federal

F.3d at 867.

The Supreme Court's and the Ninth Circuit's decisions in <u>Raich</u> apply squarely to this case. Even though Montana law permits, in some circumstances, the production and consumption of marijuana for medical purposes, Congress has the power to prohibit that use under the Commerce Clause. Since Congress acted under one of its enumerated powers when it enacted the Controlled Substances Act, the federal government's enforcement of the Act does not violate the Tenth Amendment. <u>Raich</u>, 500 F.3d at 867.

## II.     Ninth Amendment claim

The plaintiffs also claim the federal government's enforcement of the Controlled Substances Act violates the Ninth Amendment to the United States Constitution because it interferes with their "right to conduct their lives and businesses and the people's right to obtain and use marijuana for medical reasons." Compl. ¶ 44. The Constitution, though, does not guarantee such a right. There is no so-called state right to commit a federal crime.

The Ninth Amendment provides that: "The enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people." The Ninth Amendment, though, "has not been interpreted as

regulatory programs, or to compel states to adopt specific legislation." <u>Id.</u> & n.17.

independently securing any constitutional rights for purposes of making out a constitutional violation." San Diego Co. Gun Rights Comm. v. Reno, 98 F.3d 1121, 1125 (9th Cir. 1996) (citation and internal quotation marks omitted). Instead, "[I]t is simply a rule about how to read the Constitution.'" Id. (quoting Laurence H. Tribe, American Constitutional Law 776 n.14 (2d ed. 1988)).

The federal government's enforcement of a federal law does not violate the Ninth Amendment, as long as the law does not exceed a "specific limitation" on a grant of Congressional power. Barton v. CIR, 737 F.2d 822, 823 (9th Cir. 1984). As discussed above, the federal government does not exceed its authority when it enforces the Controlled Substances Act. See Raich, 545 U.S. 1.

The plaintiffs cite no authority suggesting that the production and consumption of marijuana for medical purposes is an unenumerated right protected by the Ninth Amendment. And they have not shown a valid "specific limitation" that would prevent the federal government from enforcing the Act. Therefore, the plaintiffs ninth amendment argument fails.

### III. Fourth Amendment claim

The plaintiffs claim the federal government violated their fourth amendment protection against unreasonable searches and seizures when authorities searched their property and seized thousands of marijuana plants, hundreds of pounds of

marijuana, various pieces of equipment and supplies, and money. The plaintiffs claim the searches and seizures were unreasonable only because federal authorities failed to acknowledge that the plaintiffs were acting legally under Montana law. As discussed above, though, whether the plaintiffs' conduct was legal under Montana law is of little significance here, since the alleged conduct clearly violates federal law. As a result, the searches and seizures were not unreasonable, and the plaintiffs' fourth amendment claim fails.

## IV. Fifth Amendment claim

The plaintiffs claim that the federal government's enforcement of the Controlled Substances Act violates their procedural and substantive due process rights. Again, the plaintiffs miss the mark.

The plaintiffs' procedural due process claim is apparently based on their contention that the federal authorities wrongfully denied them notice and a hearing before the authorities searched and seized their property. Ninth Circuit law is clear: There is "no [procedural due process] requirement of a prior hearing before the seizure of possessions under a search warrant." Perkins v. City of West Covina, 113 F.3d 1004, 1010 (9th Cir. 1997), rev'd on other grounds, 525 U.S. 234 (1999).

As to the plaintiffs' substantive due process claim, the Ninth Circuit held in

Raich that substantive due process does not protect the production and consumption of marijuana for medical purposes. Raich, 500 F.3d at 861–66.

Since the plaintiffs' procedural and substantive due process claims are squarely foreclosed by Ninth Circuit law, those claims fail.

## V. Bivens claim and requests for declaratory and injunctive relief

The plaintiffs' claim under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), necessarily fails because, for the reasons above, none of the alleged conduct was unconstitutional. See Mirmehdi v. United States, 662 F.3d 1073, 1078 (9th Cir. 2011) (observing that damages can be awarded under Bivens for only constitutional violations).

Similarly, the Court will not grant declaratory or injunctive relief here because the federal government's conduct was not unlawful.

## CONCLUSION

Even accepting the plaintiffs' allegations as true and construing them in the light most favorable to the plaintiffs, the plaintiffs have failed state a claim that is plausible on its face. Iqbal, 129 S. Ct. at 1949 (quoting Bell A. Corp., 550 U.S. at 570). The plaintiffs have not pleaded any facts that allow the Court to draw a reasonable inference that the defendants violated the plaintiffs' rights under the Tenth, Ninth, Fourth, or Fifth Amendments. See id. We are all bound by federal

law, like it or not.

Accordingly, IT IS ORDERED that the defendants' motion to dismiss the complaint (dkt # 17) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall enter judgement in favor of the defendants.

DATED this 20th day of January 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT